Robin L. Moore
Benjamin J. Theisman
600 Pennsylvania Avenue, NW
Mailstop M-8102B
Washington, DC 20580
Telephone: (202) 326-2167, -2223
Fax: (202) 326-2558
Email: rmoore@ftc.gov, btheisman@ftc.gov

Blaine T. Welsh
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **Case No. 2:11-cv-00461-JCM-RJJ** |
| **Plaintiff,** | |
| **vs.** | |
| **MICHAEL BRUCE MONEYMAKER, a/k/a Bruce Moneymaker, Mike Smith, and Michael Bruce Millerd, individually, as an officer and director of the corporate defendants, and also doing business as Fortress Secured,** | |
| **DANIEL DE LA CRUZ, individually, as an officer and director of the corporate defendants, and also doing business as Fortress Secured,** | |
| **BELFORT CAPITAL VENTURES, INC., a corporation,** | |
| **DYNAMIC ONLINE SOLUTIONS, LLC, a limited liability company,** | |
| **HSC LABS, INC., a corporation,** | |

1
2
3
4
5
6

**RED DUST STUDIOS, INC., a corporation,**

**SEASIDE VENTURES TRUST, individually and as an officer and director of the corporate defendants, and**

**JOHN DOE NO. 1, in his capacity as trustee of Seaside Ventures Trust,**

         **Defendants.**

7
8

### PRELIMINARY INJUNCTION WITH ANCILLARY EQUITABLE RELIEF

9
10
11
12
13
14
15

    Plaintiff Federal Trade Commission ("FTC" or the "Commission"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), filed a Complaint for a Permanent Injunction and Other Equitable Relief (the "Complaint"), including consumer redress, and has moved *ex parte* for a temporary restraining order and for an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure on March 29, 2011.  This Court entered a temporary restraining order on March 29, 2011 (the "TRO").

16

### FINDINGS OF FACT

17
18
19

    The Court, having considered the declarations, exhibits, memoranda, and oral argument presented by the parties, as well as any evidence introduced at any hearing on the matter, finds as follows:

20
21

1.    This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto;

22

2.    There is good cause to believe that venue lies properly with this Court;

23

3.    There is good cause to believe that Defendants Michael Bruce Moneymaker, Daniel De

24
25

1   La Cruz, Belfort Capital Ventures, Inc., Dynamic Online Solutions, LLC, HSC Labs, Inc., Red

2   Dust Studios, Inc., Seaside Ventures Trust, and John Doe No. 1 (collectively, "Defendants"),

3   have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the

4   Federal Trade Commission Act;

5   4.      There is good cause to believe that the Commission is likely to prevail on the merits of

6   this action.  The evidence demonstrates that Defendants have engaged in deceptive and unfair

7   acts or practices in violation of Section 5 of the FTC Act by acquiring consumer's bank account

8   information when those consumers apply for payday loans online and then, without notice to the

9   consumers, debiting those consumers' bank accounts.  There is good cause to believe that

10   Defendants will continue such illegal actions if not restrained from doing so by Order of this

11   Court;

12   5.      There is good cause for appointing a Receiver for Defendants Belfort Capital Ventures,

13   Inc., Dynamic Online Solutions, LLC, HSC Labs, Inc., and Red Dust Studios, Inc.;

14   6.      Weighing the equities and considering the Commission's likelihood of ultimate success

15   on the merits, a Preliminary Injunction with asset freeze and other equitable relief is in the public

16   interest; and

17   7.      The FTC is an independent agency of the United States of America.  No security is

18   required of any agency of the United States for the issuance of a Preliminary Injunction.  Fed. R.

19   Civ. P. 65(c).

20   **DEFINITIONS**

21   For the purposes of this Preliminary Injunction, the following definitions apply:

22   1.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real

23   and personal property of Defendants, or held for the benefit of Defendants, including but not

24

25   Page 3 of 26

1    limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects,

2    leaseholds, inventory, checks, notes, accounts, credits, receivables, shares of stock, contracts,

3    and all cash and currency, or other assets, or any interest therein, wherever located;

4    2.       **"Defendants"** means Michael Bruce Moneymaker, Daniel De La Cruz, Belfort Capital

5    Ventures, Inc., Dynamic Online Solutions, LLC, HSC Labs, Inc., Red Dust Studios, Inc., Seaside

6    Ventures Trust, and John Doe No. 1 in his capacity as trustee of Seaside Ventures Trust;

7    3.       **"Document"** is synonymous in meaning and equal in scope to the terms "document" and

8    "electronically stored information," as described and used in Federal Rule of Civil Procedure

9    34(a)(1)(A);

10   4.       **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC");

11   5.       **"Receiver"** means the Receiver appointed in Section VII of this Order.  The term

12   "Receiver" also includes any deputy receivers or agents as may be named by the Receiver; and

13   **6.       "Receivership Defendants"** means Belfort Capital Ventures, Inc., Dynamic Online

14   Solutions, LLC, HSC Labs, Inc., Red Dust Studios, Inc., and their subsidiaries, affiliates,

15   divisions, successors, and assigns, and includes fictitious names under which they do business,

16   including but not limited to Centralized Customer Service, Uniguard, Freedom Subscription,

17   Illustrious Perks, Select Platinum Credit, Kryptonite Credit, New Economy Planning, Inc., FK

18   Grant Family, LLC, Refund Express, Tabula Rasa, Inc., SVM, SVM, Inc., SVM Group, Inc.,

19   Fortress Secured, Fortress Secured, Inc., Glamouruous Credit, Vanquisher Benefits, Champion

20   Credit, Pioneer Power, Star Bens, Primary Benefits, Sublime Membership, Noble Subscription,

21   and Top Dog Credit Lines.

22

23

24

25                                          Page 4 of 26

# I.
## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of any products, goods, or services, Defendants and their successors, assigns, officers, agents, servants, employees, or attorneys, and any person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, are **hereby restrained and enjoined** from:

A.    Obtaining consumers' financial information or charging consumers without their express informed consent;

B.    Failing to disclose or disclose adequately that Defendants will charge consumers when representing to consumers that third-party trial offers will be extended to them; and

C.    Making, or assisting others in the making of, expressly or by implication, any material misrepresentations, including but not limited to:

1.    That Defendants will use consumers' authorizations to further consumers' payday loan applications;

2.    That consumers agreed:

a.    to enroll in Defendants' continuity programs;

b.    to pay charges associated with Defendants' continuity programs; or

c.    that they would be entitled to a refund for Defendants' continuity programs only if they asked for a refund during the trial period; or

3.    That Defendants will provide consumers refunds.

## II.
## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from directly or indirectly:

A.     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, or any other assets, or any interest therein, wherever located, including outside the United States, that are:

1.     Owned or controlled, directly or indirectly, by any Defendant(s), in whole or in part, or held, in whole or in part for the benefit of any Defendant(s);

2.     In the actual or constructive possession of any Defendant(s);

3.     Owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant(s), including, but not limited to, any assets of Centralized Customer Service, Uniguard, Freedom Subscription, Illustrious Perks, Select Platinum Credit, Kryptonite Credit, New Economy Planning, Inc., FK Grant Family, LLC, Refund Express, Tabula Rasa, Inc., SVM, SVM, Inc., SVM Group, Inc., Fortress Secured, Fortress Secured, Inc., Glamouruous Credit, Vanquisher Benefits, Champion Credit, Pioneer Power, Star Bens, Primary Benefits, Sublime Membership, Noble Subscription, and Top Dog Credit Lines, or any other entity acting under a

fictitious name owned by or controlled by any Defendant(s), and any assets held by, for, or under the name of any Defendant(s) at any bank, savings and loan institution, or bank of any Defendant(s), or with any broker-dealer, escrow agent, title company, commodity trading company, payment processing company, precious metal dealer, or other financial institution or depository of any kind;

B.   Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant(s), or subject to access by any Defendant(s);

C.   Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of any Defendant(s);

D.   Obtaining a personal or secured loan;

E.   Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant(s); and

F.   Cashing any checks from consumers, clients, or customers of any Defendant(s).

*Provided further*, that the assets affected by this Section shall include: (1) all assets of Defendants as of the time the TRO was entered; and (2) for assets obtained after the time the TRO was entered, those assets of Defendants that are derived, directly or indirectly, from Defendants' business activities as described in the Commission's Complaint.

This Section does not prohibit transfers to the Receiver, as specifically required in Section X (Delivery of Receivership Property), nor does it prohibit the repatriation of foreign assets, as specifically required in Section V (Repatriation of Foreign Assets) of this Order.

### III.
### FINANCIAL REPORTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that, to the extent not already provided pursuant to the TRO, each Defendant shall immediately provide the FTC and the Receiver with:

A. Completed financial statements fully disclosing the Defendants' finances and those of all corporations, limited liability companies, partnerships, trusts or other entities that each Defendant owns, controls, or is associated with in any capacity, jointly or individually, on the forms attached to this Order as Attachments A and B, accurate as of the date of service of this Order upon Defendants;

B. Copies of signed and completed federal and state income tax forms, including all schedules and attachments, for the three most recent filing years;

C. Access to records and documents held by financial institutions outside the territory of the United States, by signing the Consent to Release of Financial Records attached to this Order as Attachment C; and

D. Copies of such other financial statements as the Receiver or the FTC may request in order to monitor Defendants' compliance with the provisions of this Order.

### IV.
### RETENTION OF ASSETS AND RECORDS
### BY FINANCIAL INSTITUTIONS AND THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, payment processing company, trust, entity, or person that: (1) holds, controls, or maintains custody of any account or asset owned or controlled by any Defendant(s); (2) holds, controls, or maintains custody of any asset associated with credit or debit card charges, electronic fund transfers, or remotely created checks made by, or on behalf of, any Defendant(s) or any other entity owned or controlled by any Defendant(s);

or (3) has held, controlled, or maintained any account or asset of, or on behalf of, any

Defendant(s) at any time since March 28, 2007, upon service with a copy of this Order, shall:

    A.    Hold and retain within its control and prohibit Defendants or any other person or entity with control over such assets from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any such assets, funds, or other property, except:

        1.    As directed by further order of the Court; or

        2.    As directed in writing by the Receiver (regarding assets held in the name or for the benefit of any Receivership Defendant);

    B.    Deny Defendants access to any safe deposit box titled in the name of any Defendant(s), individually or jointly, or subject to access by any Defendant(s), whether directly or indirectly;

    C.    To the extent not already provided pursuant to the TRO, shall immediately provide counsel for the FTC and the Receiver a certified statement setting forth:

        1.    The identification number of each such account or asset titled: (1) in the name, individually or jointly, of any Defendant(s); (2) held on behalf of, or for the benefit of, any Defendant(s); (3) owned or controlled by any Defendant(s); or (4) otherwise subject to access by any Defendant(s), directly or indirectly;

        2.    The balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the

date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

3. The identification of any safe deposit box that is either titled in the name of any Defendant(s), or is otherwise subject to access by any Defendant(s); and

4. If an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance of any account or value of any asset on such date, and the manner in which such account or asset was closed or removed;

D. To the extent not already provided pursuant to the TRO, shall immediately provide counsel for the FTC and the Receiver copies of all documents pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the account, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee; and

E. Cooperate with all reasonable requests of the Receiver relating to this Order's implementation.

**V.**
**REPATRIATION OF FOREIGN ASSETS**

**IT IS FURTHER ORDERED** that, to the extent not already completed pursuant to the TRO, each Defendant shall immediately:

A. Provide counsel for the FTC and the Receiver with a full accounting of all funds

and assets outside of the territory of the United States which are held either: (1) by Defendant(s); (2) for the benefit of any Defendant(s); or (3) under direct or indirect control, individually or jointly, of any Defendant(s), as required by the forms included in Attachments A and B;

B.   Transfer to the territory of the United States all such funds and assets in foreign countries; and

C.   Hold and retain all repatriated funds and assets, and prevent any disposition, transfer, or dissipation whatsoever of any such assets or funds, except as required by this Order.

## VI.
## NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section V of this Order, including but not limited to:

A.   Sending any statement, letter, fax, e-mail, or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section V of this Order; and

B.   Notifying any trustee, protector, or other agent of any foreign trust or other

related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section V of this Order.

## VII.
## APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that Robb Evans & Associates, LLC is appointed Receiver for the Receivership Defendants, and any affiliates or subsidiaries thereof controlled by any Receivership Defendant, with the full power of an equity receiver.  The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.  The Receiver shall comply with all local rules and laws governing federal equity receivers.

## VIII.
## COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall fully cooperate with and assist the Receiver.  Defendants' cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any login and password required to access any computer or electronic files or information in any medium; and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.   Defendants are hereby restrained and enjoined from directly or indirectly:

    A.    Transacting any of the business of the Receivership Defendants;

    B.    Excusing debts owed to the Receivership Defendants;

    C.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants;

D.   Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

E.   Failing to notify the Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets; or

F.   Doing any act or thing whatsoever to interfere with the Receiver's taking and keeping custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

This Section does not prohibit transfers to the Receiver, as specifically required in Section X (Delivery of Receivership Property), nor does it prohibit the Repatriation of Foreign Assets, as specifically required in Section V (Repatriation of Foreign Assets) of this Order.

## IX.
## DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.   Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of the Receivership Defendants, including Defendants Michael Bruce Moneymaker, Daniel De La Cruz, Seaside Ventures Trust, and John Doe No. 1, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.   Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take possession of, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants;

C.   Take all steps necessary to secure the business premises of the Receivership Defendants, which may include, but are not limited to, taking the following steps as the Receiver deems necessary or advisable: (1) serving and filing this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) video-recording all portions of the location; (5) changing the locks and disconnecting any computer networks or other means of access to electronically

1    stored information or other documents maintained at that location; or (6)

2    requiring any persons present on the premises at the time this Order is served to

3    leave the premises, to provide the Receiver with proof of identification, and/or to

4    demonstrate to the satisfaction of the Receiver that such persons are not removing

5    from the premises documents or assets of the Receivership Defendants.  Such

6    authority shall include, but not be limited to, the authority to order any owner,

7    director, or officer of any Receivership Defendants to leave the business

8    premises;

9    D.    Conserve, hold, and manage all receivership assets, and perform all acts necessary

10         or advisable to preserve the value of those assets, in order to prevent any

11         irreparable loss, damage, or injury to consumers, including, but not limited to,

12         obtaining an accounting of the assets and preventing the transfer, withdrawal, or

13         misapplication of assets;

14   E.    Enter into contracts and purchase insurance as advisable or necessary;

15   F.    Prevent the inequitable distribution of assets and to determine, adjust, and protect

16         the interests of consumers and creditors who have transacted business with one or

17         more Receivership Defendants;

18   G.    Manage and administer the business of the Receivership Defendants until further

19         order of this Court by performing all incidental acts that the Receiver deems to be

20         advisable or necessary, which includes retaining, hiring, or dismissing any

21         employees, independent contractors, or agents;

22   H.    Choose, engage, and employ attorneys, accountants, appraisers, investigators, and

23         other independent contractors and technical specialists, as the Receiver deems

24

25                              Page 15 of 26

advisable or necessary in the performance of duties and responsibilities;

I.  Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

J.  Collect any money due or owing to the Receivership Defendants;

K.  Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants or to carry out the Receiver's mandate under this Order;

L.  Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted against the Receivership Defendants or the Receiver that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or to carry out the Receiver's mandate under this Order;

M.  Continue and conduct the businesses of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably, using the assets of the receivership estate, and lawfully, if at all;

N.  Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership and compliance with this Order.  Subpoenas may be served by

agents or attorneys of the Receiver and by agents of any process server retained by the Receiver;

O.    Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account; and

P.    Maintain accurate records of all receipts and expenditures made by the Receiver.

## X.
## DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that, to the extent not already delivered pursuant to the TRO, the Defendants, including the Receivership Defendants, shall immediately deliver to the Receiver possession and custody of:

A.    All funds, assets, and property of the Receivership Defendants, whether situated within or outside the territory of the United States, that are: (1) held by the Receivership Defendants, (2) held for the benefit of the Receivership Defendants, or (3) under the direct or indirect control, individually or jointly, of the Receivership Defendants;

B.    All documents of the Receivership Defendants, including but not limited to all books and records of assets including funds and property, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), corporate minutes, contracts, customer and consumer lists, title documents, and electronic records;

C. All funds and other assets belonging to members of the public now held by the Receivership Defendants;

D. All keys, computer and other passwords, entry codes, combinations to locks required to open or gain access to any of the property or effects, and all monies in any bank deposited to the credit of the Receivership Defendants, wherever situated; and

E. Information identifying the accounts, employees, properties, or other assets or obligations of the Receivership Defendants.

## XI.
## TRANSFER OF FUNDS TO THE RECEIVER BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, payment processing company, or trust shall cooperate with all reasonable requests of counsel for the FTC and the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the assets and sales of the Receivership Defendants.

## XII.
## RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver shall report to this Court within 60 days of entry of this Order regarding: (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendants; (3) the sum of all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to take in the future to: (a) prevent any diminution in the value of assets of the Receivership Defendants; (b) pursue receivership assets from third parties; and (c) adjust the liabilities of the

Receivership Defendants, if appropriate; and (5) any other matters which the Receiver believes should be brought to the Court's attention.  Provided, however, if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

**XIII.**
**RECEIVER'S BOND**

**IT IS FURTHER ORDERED** that the $10,000 bond filed by the Receiver pursuant to Section XIII of the Temporary Restraining Order issued on March 29, 2011 shall remain in effect.

**XIV.**
**COMPENSATION OF THE RECEIVER**

**IT IS FURTHER ORDERED** that the Receiver, and all persons or entities retained or hired by the Receiver as authorized under this Order, shall be entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them from the assets now held by or in the possession or control of, or which may be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties a request for the payment of reasonable compensation at the time of the filing of any report required by Section XII.  The Receiver shall not increase the fees or rates used as the bases for such fee applications without prior approval of the Court.

**XV.**
**ACCESS TO BUSINESS PREMISES AND RECORDS**

**IT IS FURTHER ORDERED** that the Receiver shall allow the FTC and Defendants, and their respective representatives, reasonable access to the premises of the Receivership

Defendants.  The purpose of this access shall be to inspect, inventory, and copy any documents and other property owned by, or in the possession of, the Receivership Defendants, provided that those documents and property are not removed from the premises without the permission of the Receiver.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.  If any computers, electronic data storage devices, or documents containing information related to the business practices or finances of Defendants are at a location other than those listed herein, including but not limited to, the personal residences of Defendants, then, to the extent not already produced pursuant to the TRO, Defendants shall immediately produce to the Receiver all such computers, electronic data storage devices, or documents.  In order to prevent the destruction of electronic data, any computers or other electronic data storage devices containing such information shall be powered down (turned off) in the normal course for the operating systems used on such devices and shall not be used until produced for copying and inspection, along with any codes needed for access.

## XVI.
## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, and each of their successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or finances of any Defendant, including, but not limited to, any contracts, accounting data, correspondence, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes,

recordings, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns.

## XVII.
## PROHIBITION ON USE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and officers, agents, directors, servants, employees, salespersons, and attorneys of Defendants, as well as all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from using, benefitting from, selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, email address, social security number, credit card number, debit card number, bank account number, any financial account number, or any data that enables access to a customer's account, or other identifying information of any person which any Defendant obtained prior to entry of this Order in connection with the marketing or sale of any good or service, including those who were contacted or are on a list to be contacted by any Defendant; provided that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XVIII.
## CREDIT REPORTS

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

**XIX.**
**RECORDKEEPING/BUSINESS OPERATIONS**

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from:

A.      Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money;

B.      Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, limited liability company or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities; and

C.      Affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action without first providing the Commission with a written statement disclosing: (1) the name of the business; (2) the address and telephone number of the business; and (3) a detailed description of the nature of business or employment and the nature of the Defendant's duties and responsibilities in connection with that business or employment.

**XX.**
**BANKRUPTCY PETITIONS**

**IT IS FURTHER ORDERED** that, in light of the appointment of the Receiver, the Receivership Defendants are hereby prohibited from filing petitions for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XXI.
## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during the pendency of the Receivership ordered herein, the Receivership Defendants and all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of the Receivership Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents, and employees be and are hereby stayed from:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.    Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.    Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process, whether specified in this Order or not; or

4.    Doing any act or thing whatsoever to interfere with the Receiver's taking

custody, control, possession, or management of the assets or documents

subject to this receivership; or to harass or interfere with the Receiver in

any way; or to interfere in any manner with the exclusive jurisdiction of

this Court over the assets or documents of the Receivership Defendants;

B.     This Section does not stay:

    1.     The commencement or continuation of a criminal action or proceeding;

    2.     The commencement or continuation of an action or proceeding by a

governmental unit to enforce such governmental unit's police or

regulatory power;

    3.     The enforcement of a judgment, other than a money judgment, obtained in

an action or proceeding by a governmental unit to enforce such

governmental unit's police or regulatory power; or

    4.     The issuance to any Receivership Defendant of a notice of tax deficiency.

## XXII.
## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the FTC is granted leave to conduct certain

expedited asset discovery, and that, commencing with the time and date of this Order, in lieu of

the time periods, notice provisions, and other requirements of Rules 26, 30, 31, 33, and 34 of the

Federal Rules of Civil Procedure, expedited discovery as to parties and non-parties shall proceed

as follows:

A.     The FTC may, upon seven (7) calendar days' notice, take the deposition,

including by telephone, of any person or entity, whether or not a party, in any

judicial district, for the purpose of discovering the nature, location, status, and

extent of the assets of Defendants, and Defendants' affiliates and subsidiaries.

Provided that, notwithstanding Fed. R. Civ. P. 30(a)(2), this Section shall not preclude any future depositions by the FTC.  Provided further, that any deposition taken pursuant to this Section shall be in addition to, and not subject to, the presumptive limits on depositions set forth in Fed. R. Civ. P. 30(a)(2)(A).

B.  The FTC may, upon seven (7) calendar days' notice, including through the use of a Rule 45 subpoena, demand the production of documents from any person or entity, whether or not a Defendant, relating to the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries.

For purposes of discovery pursuant to this Section, service shall be sufficient if made by facsimile, electronic mail, or by overnight courier.

## XXIII.
## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission or electronic mail, by employees or agents of the FTC or the Receiver, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIV.
## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that each Defendant, within three (3) business days of receipt of this Order, must submit to counsel for the FTC a truthful sworn statement acknowledging receipt of this Order.

1

**XXV.**
**PROOF OF DISTRIBUTION OF ORDER BY DEFENDANTS**

2

3

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this

Order to their agents, servants, employees, consultants, and any affiliated businesses, and other

4

persons and entities subject in any part to their direct or indirect control.  Within five (5)

5

6

business days of receipt of this Order, Defendants must submit to counsel for the FTC a truthful

sworn statement identifying those persons and entities to whom this Order has been distributed.

7

**XXVI.**
**CORRESPONDENCE**

8

9

**IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence

10

and service of pleadings on the FTC shall be addressed to:

11

Robin L. Moore
Benjamin J. Theisman
600 Pennsylvania Avenue, NW
Mailstop M-8102B
Washington, DC 20580
Telephone: (202) 326-2167, -2223
Fax: (202) 326-2558
Email: rmoore@ftc.gov, btheisman@ftc.gov

12

13

14

15

**XXVII.**
**RETENTION OF JURISDICTION**

16

17

**IT IS FURTHER ORDERED** that the Court shall continue to retain jurisdiction of this

18

matter for all purposes.

19

20

**IT IS SO ORDERED**:

_____

United States District Judge

21

22

this 15th day of April, 2011.

23

24

25

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT**

**Definitions and Instructions:**

1. Complete all items.  Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you.  If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.

**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

    (1)  "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

    (2)  "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

    (3)  "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1.  Information About You

| Full Name | Social Security No. |
|---|---|

| Current Address of Primary Residence | Drivers License No. |
|---|---|

Phone Numbers
Home: (    )
Fax:   (    )

Date of Birth:     /     /
(mm/dd/yyyy)

Place of Birth

☐Rent  ☐Own        From (Date):     /     /
(mm/dd/yyyy)

E-Mail Address

Internet Home Page

### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From:     /     /  (mm/dd/yyyy)        Until:     /     /  (mm/dd/yyyy)   ☐Rent  ☐Own |
|---|---|
| Address | From:     /     /        Until:     /     /   ☐Rent  ☐Own |
| Address | From:     /     /        Until:     /     /   ☐Rent  ☐Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2.  Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth     /     /  (mm/dd/yyyy) |
|---|---|---|

| Address(if different from yours) | Phone Number (    ) |  Place of Birth |
|---|---|---|

☐Rent  ☐Own        From (Date):     /     /
(mm/dd/yyyy)

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title |  |
|---|---|---|
|  | Years in Present Job | Annual Gross Salary/Wages $ |

### Item 3.  Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
|  | Date of Birth     /     /  (mm/dd/yyyy) |

### Item 4.  Contact Information (name and address of closest living relative)

| Name and Address | Phone Number (    ) |
|---|---|

Initials: _____

## Item 5.  Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth (mm/dd/yyyy)  /   / |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth  /   / |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth  /   / |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth  /   / |
| | Relationship | |

## Item 6.  Employment Information/Earned Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period.  "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties or other benefits for which you did not pay (*e.g.,* health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: This year to date | |
|---|---|---|---|---|
| | From (Month/Year)  / | To (Month/Year)  / | Year | Income |
| | | | 20 | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: This year to date | |
| | From (Month/Year)  / | To (Month/Year)  / | Year | Income |
| | | | 20 | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: This year to date | |
| | From (Month/Year)  / | To (Month/Year)  / | Year | Income |
| | | | 20 | $ |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:*  *At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## Item 8.  Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:**  "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

## ASSETS

### Item 9.  Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank and money market accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit.  The term "cash on hand" includes but it is not limited to cash in the form of currency, uncashed checks, and money orders.

| a.  Amount of Cash on Hand  $ | | Form of Cash on Hand | |
|---|---|---|---|
| b.  Name on Account | Name & Address of  Financial Institution | Account No. | Current Balance |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10.  Publicly Traded and Government-Issued Securities and Loans Secured by Them

List all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, mutual funds, U.S. government securities (including but not limited to treasury bills, treasury notes, and savings bonds), and state and municipal bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials:  _____

## Item 10 (cont'd).  Publicly Traded and Government-Issued Securities and Loans Secured by Them

| Owner of Security | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|
| | | | |

| Broker House, Address | Broker Account No. | |
|---|---|---|
| | Current Fair Market Value $ | Loan(s) Against Security $ |

## Item 11.  Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.  *Note: For each business entity listed, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, and annual income statement, and the most recent year-to-date income statement.*

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12.  Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13.  Life Insurance Policies

List all life insurance policies with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
| | Insured | Loans Against Policy $ | Surrender Value $ |

Initials: _____

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

## Item 15.  Pending Insurance Payments or Inheritances

List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|---|---|---|
| | $ | / / |
| | $ | / / |
| | $ | / / |

## Item 16.  Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |
| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |
| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |
| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

Initials: _____

## Item 17.  Other Personal Property

List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.  **Note:**  *Provide copies of all appraisals that have been prepared for any property listed, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000.*

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

## Item 18.  Real Property

List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|
| Acquisition Date (mm/dd/yyyy) /   / | Purchase Price $ | Current Value $ | Basis of Valuation |
| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ | |
| | | Monthly Payment $ | |
| Other Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit | |
| | Current Balance $ | Monthly Rent Received $ | |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages | |
|---|---|---|---|
| Acquisition Date (mm/dd/yyyy) /   / | Purchase Price $ | Current Value $ | Basis of Valuation |
| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage/Contract $ | |
| | | Monthly Payment $ | |
| Other Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit | |
| | Current Balance $ | Monthly Rent Received $ | |

# LIABILITIES

## Item 19.  Credit Cards

List each credit card or credit card merchant account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

Initials: _____

**Item 20.  Taxes Payable**

List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependants.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
|  | $ |  |
|  | $ |  |
|  | $ |  |

**Item 21.  Other Amounts Owed by You, Your Spouse, or Your Dependents**

List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.
*Note*: *Provide copies of documentation for all such amounts you owe.*

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) |
|---|---|
|  | Lender/Creditor's Relationship to You |

| Date Liability Was Incurred  /  / (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) |
|---|---|
|  | Lender/Creditor's Relationship to You |

| Date Liability Was Incurred  /  / (mm/dd/yyyy) | Original Amount Owed $ | Current Amount Owed $ | Payment Schedule |
|---|---|---|---|

## OTHER FINANCIAL INFORMATION

**Item 22.  Tax Returns**

List all federal tax returns that were filed during the last three years by or on behalf of you, your spouse, or your dependents.
*Note*: *Provide copies of each return listed.*

| Tax Year | Name(s) on Return | Refund Expected |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |

**Item 23.  Applications for Credit**

List all applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years.  *Note: Provide a copy of each such application, including all attachments.*

| Name(s) on Application | Name & Address of Lender |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

Initials: _____

## Item 24.  Trusts and Escrows

List all funds or other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.  *Note: Provide copies of all executed trust documents.  Provide any appraisals, including insurance appraisals, that have been done for any assets held by any such trust.*

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
|  | /    / |  |  | $ |
|  | /    / |  |  | $ |
|  | /    / |  |  | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

## Item 25.  Transfers of Assets

List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
|  |  | $ | /    / |  |
|  |  | $ | /    / |  |
|  |  | $ | /    / |  |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials:  _____

## SUMMARY FINANCIAL SCHEDULES

### Item 26.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

### Item 27.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |
| Distributions from Trusts and Estates<br>Source: | $ | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | Other Insurance Premiums | $ |
| Social Security Payments | $ | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | $ |
| **Other Income (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Income** | $ | **Total Expenses** | $ |

Initials: _____

| ATTACHMENTS | |
| --- | --- |
| **Item 28.  Documents Attached to this Financial Statement** <br> List all documents that are being submitted with this financial statement. | |
| Item No. Document Relates To | Description of Document |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

 

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____         _____
(Date)                                              Signature

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

**Instructions**:

1.   Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.   The font size within each field will adjust automatically as you type to accommodate longer responses.

3.   In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.   When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.   Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.   Type or print legibly.

7.   An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**        **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**        **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**        **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

**Item 4.**        **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

<u>Name & Address</u>                                                <u>% Owned</u>

_____   _____

_____   _____

_____   _____

_____   _____


**Item 5.**        **Board Members**

List all members of the corporation's Board of Directors.

<u>Name & Address</u>                          <u>% Owned</u>   <u>Term (From/Until)</u>

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____


**Item 6.**        **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

<u>Name & Address</u>                                                <u>% Owned</u>

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

<u>**Item 7.**</u>        **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

<u>Name & Address</u>                                                          <u>Business Activities</u>        <u>% Owned</u>

_____   _____  _____

_____   _____  _____

_____   _____  _____

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

<u>**Item 8.**</u>        **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

<u>Individual's Name</u>                  <u>Business Name & Address</u>                  <u>Business Activities</u>    <u>% Owned</u>

_____  _____  _____  _____

_____  _____  _____  _____

_____  _____  _____  _____

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

<u>**Item 9.**</u>        **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

<u>Name and Address</u>                              <u>Relationship</u>            <u>Business Activities</u>

_____  _____  _____

_____  _____  _____

_____  _____  _____

**Item 10.**     **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 11.**     **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 12.**     **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

<u>Item 13.</u>          **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

<u>Item 14.</u>          **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

<u>**Item 15.**</u>        **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

<u>**Item 16.**</u>        **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

<u>Owner's Name</u>          <u>Name & Address of Depository Institution</u>                                    <u>Box No.</u>

_____     _____     _____

_____     _____     _____

_____     _____     _____

_____     _____     _____

_____     _____     _____

**<u>FINANCIAL INFORMATION</u>**

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

<u>**Item 17.**</u>        **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| <u>Federal/<br>State/Both</u> | <u>Tax Year</u> | <u>Tax Due<br>Federal</u> | <u>Tax Paid<br>Federal</u> | <u>Tax Due<br>State</u> | <u>Tax Paid<br>State</u> | <u>Preparer's Name</u> |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

<u>**Item 18.**</u>   **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| <u>Year</u> | <u>Balance Sheet</u> | <u>Profit & Loss Statement</u> | <u>Cash Flow Statement</u> | <u>Changes in Owner's Equity</u> | <u>Audited?</u> |
|------|------|------|------|------|------|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

<u>**Item 19.**</u>   **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------|------|------|------|------|
| <u>Gross Revenue</u> | $_____ | $_____ | $_____ | $_____ |
| <u>Expenses</u> | $_____ | $_____ | $_____ | $_____ |
| <u>Net Profit After Taxes</u> | $_____ | $_____ | $_____ | $_____ |
| <u>Payables</u> | $_____ | | | |
| <u>Receivables</u> | $_____ | | | |

<u>**Item 20.**</u>   **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| <u>Name & Address of Financial Institution</u> | <u>Signator(s) on Account</u> | <u>Account No.</u> | <u>Current Balance</u> |
|------|------|------|------|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

Initials _____

**<u>Item 21.</u>        Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**<u>Item 22.</u>        Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**      **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**      **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

       Initials _____

**Item 25.**        **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**        **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Initials _____

<u>**Item 27.**</u>        **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

<u>**Item 28.**</u>        **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

|                <u>Name of Credit Card or Store</u>                | <u>Names of Authorized Users and Positions Held</u> |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

<u>**Item 29.**</u>        **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| <u>Name/Position</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Compensation or Type of Benefits</u> |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 30.**       **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years.  "Compensation"  includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans.  "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**       **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Initials _____

<u>**Item 32.**</u>      **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

<u>Item No. Document<br>Relates To</u>     <u>Description of Document</u>

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

      I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____      _____

(Date)                                   Signature

                                        _____

                                        Corporate Position

## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, residing at _____, in the United States of America, do hereby direct any bank, trust company, or financial institution, at which I have an account of any kind or at which a corporation or natural person has a bank account of any kind upon which I am authorized to draw, and its officers, employees, and agents, to disclose all information and deliver copies of all documents of every nature in their possession or control that relate to any such account to any attorney or representative of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of the *Federal Trade Commission v. Michael Bruce Moneymaker et al.,* Civil No. _____, before the United States District Court for the District of Nevada, and this shall be irrevocable authority for so doing.

This direction is intended to apply to the laws of countries other than the United States that restrict or prohibit the disclosure of financial information without the consent of the holder of the account, or its officers, and shall be construed as consent with respect thereto, and the same shall apply to any of the accounts for which I may be a relevant principal.

Dated: _____, 2011

Name (print): _____

Signature: _____