Robin L. Moore
Benjamin J. Theisman
600 Pennsylvania Avenue, NW
Mailstop M-8102B
Washington, DC 20580
Telephone: (202) 326-2167, -2223
Fax: (202) 326-2558
Email: rmoore@ftc.gov, btheisman@ftc.gov

Blaine T. Welsh
Assistant United States Attorney
Nevada Bar No. 4790
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, NV 89101

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | **Case No. 2:11-cv-00461-JCM-RJJ** |
| Plaintiff, | |
| vs. | |
| **MICHAEL BRUCE MONEYMAKER, a/k/a Bruce Moneymaker, Mike Smith, and Michael Bruce Millerd, individually, as an officer and director of the corporate defendants, and also doing business as Fortress Secured,** | |
| **DANIEL DE LA CRUZ, individually, as an officer and director of the corporate defendants, and also doing business as Fortress Secured,** | |
| **BELFORT CAPITAL VENTURES, INC., a corporation,** | |
| **DYNAMIC ONLINE SOLUTIONS, LLC, a limited liability company,** | |
| **HSC LABS, INC., a corporation,** | |

**RED DUST STUDIOS, INC.**, a corporation,

**SEASIDE VENTURES TRUST**, individually and as an officer and director of the corporate defendants, and

**JOHN DOE NO. 1**, in his capacity as trustee of Seaside Ventures Trust,

        **Defendants.**

## ORDER REGARDING LIVING EXPENSES AND ATTORNEY'S FEES

The court, having considered plaintiff Federal Trade Commission's motion for a preliminary injunction including an asset freeze, and having granted the preliminary injunction including an asset freeze over defendants' objections, rules as follows:

**IT IS HEREBY ORDERED** that if any defendant desires access to assets frozen under the terms of the Preliminary Injunction entered by this court on April 15, 2011 for either living expenses or attorney's fees, then that defendant must first submit an application to the receiver, Robb Evans & Associates, LLC, explaining in detail the precise costs and attaching documentation for those costs. The requesting defendant must serve the application on all other parties, and the other parties may submit objections to the receiver. The receiver will then issue a recommendation regarding the application to the court. In deciding whether to recommend that funds be released, the receiver must consider the reasonableness of the application in light of the amount of frozen assets and consumer harm. Any party may object to the receiver's recommendation within seven days after the recommendation is submitted to the

court. Upon receiving the receiver's recommendation and any objections, the court will decide whether to adopt the receiver's recommendation and will issue an appropriate order.

**IT IS SO ORDERED**:

_____
United States District Judge

this 22nd day of April, 2011.