UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

MICHAEL BRUCE MONEYMAKER, et al.,

    Defendants.

2:11-CV-461 JCM (RJJ)

**ORDER**

Presently before the court is the receiver's recommendation regarding living expenses and related matters. (Doc. #48). Plaintiff FTC has filed an opposition (doc. #52). Defendant Michael Moneymaker has also filed an opposition. (Doc. #54).

**I.    The Receiver's Recommendation**

The receiver has outlined both the defendants' requests for living expenses (doc. #48 at 2:19–3:10) and the liquid assets available to the receivership estate (*id.* at 3:12–4:18) and concluded that (1) defendant Moneymaker's request should be denied, and (2) defendant de la Cruz should be permitted to use the $4,200 in proceeds from the recent sale of his vehicle to fund one month's living expenses. Specifically, the receiver notes that Moneymaker has significant assets which could be located, leased, sold or mortgaged to diminish his monthly expenses or fund future requests for living expenses. The receiver also characterizes some of Moneymaker's requests as patently unreasonable under the circumstances – for example, his need to maintain two Mercedes leases,

**James C. Mahan**
**U.S. District Judge**

1   when he and his wife both own separate vehicles free and clear.

2   **II.    The FTC's Opposition**

3   The FTC opposes the receiver's recommendation that defendant de la Cruz be granted access
4   to the proceeds from the sale of his vehicle, as these funds should be considered consumer funds.
5   (Doc. #52). Additionally, the FTC alleges that de la Cruz's sworn financial statement shows a
6   $50,000 shortfall between his claimed expenses and annual income. (*See id.* at ex. C). De la Cruz
7   has also failed to file a tax return in the last three years. He has attempted to mislead the court by
8   claiming he was a mere information technology employee of the enterprise, despite compelling
9   evidence to the contrary. Accordingly, de la Cruz should have no right to any funds either for
10  attorneys' fees or living expenses.

11  **III.   Defendant Moneymaker's Opposition**

12  Defendant Moneymaker also objects to the receiver's recommendation. (Doc. #54). He is
13  suffering financial hardship as a result of the asset freeze; his living expenses are seriously overdue
14  and will result in default on his mortgages, disconnection of the utilities at his home, and
15  repossession of his vehicles. In addition, the defendant's wife requires medical treatment which costs
16  $3,500 per week.

17  Moneymaker alleges that his requests are reasonable, because he asked only that his mortgage
18  on one property be paid, along with the respective utilities, that his car leases be paid, and that his
19  wife be able to continue her cancer treatments. Additionally, Moneymaker claims that the receiver's
20  alternative recommendations (e.g., that the defendant take out loans or obtain a job) are
21  unreasonable, because no lender or employer will negotiate with someone in the defendant's
22  position. Accordingly, Moneymaker requests permission to use $44,000 refund check from his
23  previous attorney and the funds held in his wife's account to pay the documented expenses submitted
24  to the receiver.

25  **IV.    Conclusion**

26  A.    <u>Moneymaker</u>

27  The court affirms the receiver's recommendation as to defendant Moneymaker. The court

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

finds that certain items listed in the budget request, as summarized in the receiver's report, are unreasonable, e.g., $1,200 and $2,400 per month for two leased Mercedes vehicles and the $6,500 per month mortgage. Furthermore, there are insufficient assets in the receivership estate to fund these requests. The court agrees that Moneymaker could sell or lease several real property assets noted in the report to fund the requests listed. Accordingly, the receiver's recommendation is affirmed, and Moneymaker's request is denied.

      B.     <u>De la Cruz</u>

The court disagrees with the receiver as to the release of defendant de la Cruz's $4,300 from the sale of his car. Although de la Cruz has provided some documentation of his monthly expenses, the "unspecified amount" for attorneys fees is troubling to the court, as de la Cruz appears to be representing himself.[1] The court requests further documentation before granting this request.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the receiver's recommendation on living expenses (doc. #48) be, and the same hereby is, AFFIRMED in part. The court affirms the recommendation as to defendant Moneymaker's living expenses. Defendant de la Cruz's request for living expenses is denied at this time.

DATED June 23, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The docket in this case continues to list defendant de la Cruz as appearing pro per, and de la Cruz in fact appeared pro per at the hearing on preliminary injunction before this court on April 15, 2011 (doc. #39).