1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7
8

FEDERAL TRADE COMMISSION,                2:11-CV-461 JCM (RJJ)

9                           Plaintiff,

10      v.

11      MICHAEL BRUCE MONEYMAKER,
        et al.,

12
13                          Defendants.

14
15                                      **ORDER**

16            Presently before the court is plaintiff Federal Trade Commission's motion to strike defendant

17      de la Cruz's answer to the complaint. (Doc. #59). The defendant has responded (doc. #59). To date,

18      the plaintiff has not replied.

19            Also before the court is the plaintiff's motion to strike answer to complaint. (Doc. #60).

20      Defendants Belfort Capital Ventures, Dynamic Online Solutions, Michael Bruce Moneymaker, Red

21      Dust Studios, and Seaside Ventures Trust have responded (doc. #65), and the plaintiff has replied

22      (doc. #66).

23                                   <u>DISCUSSION</u>

24            Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an

25      insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function

26      of a motion to strike pursuant to Rule 12(f) is avoidance of "the expenditure of time and money that

27      must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Fantasy,*

28

**James C. Mahan**
**U.S. District Judge**

1   *Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1994), *rev'd on other grounds*, 510 U.S. 517 (1994)

2   (internal quotations omitted). Pursuant to this rule, plaintiff requests the court strike, as legally

3   insufficient, numerous affirmative defenses from defendants' answers. Each answer is discussed in

4   turn below.

5   **I.      FTC's Motion to Strike De La Cruz Answer**

6           Defendant de la Cruz has alleged six affirmative defenses in his answer: (1) *respondeat*

7   *superior*, (2) vicarious liability, (3) *qui facit per alium facit per se*, (4) Code of Federal Regulations

8   Title 29 Labor, (5) uniqueness in claim, and (6) advice of counsel. The FTC argues that each should

9   be stricken pursuant to Rule 12(f) for failure to state a legally viable defense. The court agrees in

10  part.

11          The focus of de la Cruz's first five defenses is his argument that he was a mere employee of

12  the conspiracy and should not be held liable for its actions. The FTC argues that this fact is

13  irrelevant, as the FTC has already met its burden of proof with regard to defendant de la Cruz. *See*

14  *FTC v. Publ'g Clearing House*, 104 F.3d 1168, 1170–71 (9th Cir. 1997) ( holding that the FTC must

15  show that the defendant actively participated in the deceptive and unfair acts or practices or had an

16  authority to control them to obtain injunctive relief; to obtain monetary relief, the FTC must show

17  the defendant knew of the acts, was recklessly indifferent, or had "an awareness of a high probability

18  of fraud along with an intentional avoidance of the truth. . . ."). The FTC notes that "the

19  overwhelming evidence indicates that, at a minimum, de la Cruz had authority over [d]efendants'

20  finances, knew of the constant stream of consumer complaints, and managed the call center that

21  responded to consumer complaints." (Doc. #59 at 4:10–12).

22          The court declines to strike the defenses on these grounds alone. Resolution of whether de

23  la Cruz's status within the corporate structure warrants the imposition of liability requires fact-

24  finding the court is not prepared to address at the present juncture, as such questions go to the merits

25  of the case rather than to the pleading standard. Plaintiff has identified no resulting prejudice from

26  the court's decision to allow these defenses to stand until the parties have completed discovery.

27          However, the court does find that de la Cruz's defense based on advice of counsel is legally

28

**James C. Mahan**
**U.S. District Judge**

insufficient and should be stricken. The Ninth Circuit has held that advice of counsel is not a defense to individual liability under Section 5 of the Federal Trade Commission Act. *FTC v. Cybersapce.com LLC*, 453 F.3d 1196, 1202 (9th Cir. 2006). Accordingly, the defense of advice of counsel is hereby stricken.

## II.  FTC's Motion to Strike Answer of Moneymaker and Corporate Defendants

Moneymaker and the corporate defendants have asserted five affirmative defenses in their answer: (1) failure to state a claim upon which relief may be granted; (2) the contemplated relief is not in the public interest; (3) [reservation]; (4) advice of counsel; and (5) estoppel, equitable estoppel, laches, and/or waiver. (Doc. #51 at 8:18–23). The FTC argues that the second, fourth, and fifth affirmative defenses should be stricken pursuant to Rule 12(f) for failure to state a legally viable defense. The court agrees in part.

The court agrees with plaintiff that the fourth and fifth affirmative defenses should be stricken for failure to state legally viable defenses. The fourth defense, based on advice of counsel, fails for the same reasons articulated above. Additionally, the equitable doctrine of laches asserted in the fifth defense is not viable if asserted against the government in this context and shall be stricken. *See U.S. v. Ruby Co.*, 588 F.2d 697, 705 n. 10 (9th Cir. 1978) (holding the doctrine of laches inapplicable against the government in a suit by it to enforce a public right or interest). However, the equitable estoppel theories also asserted therein may be viable if the defendant alleges some affirmative misconduct on the part of the government. *See INS v. Hibi*, 414 U.S. 5, 8–9 (1973) (holding that estoppel does not apply to government actions absent affirmative misconduct). The plaintiff has identified no resulting prejudice from allowing this defense to proceed through discovery. Thus, only the theory of laches is stricken from the fifth affirmative defense.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to strike de la Cruz's answer to the complaint (doc. #59) be, and the same hereby is, GRANTED in part and DENIED in part;

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS FURTHER ORDERED that plaintiff's motion to strike answer to complaint (doc. #60)

2    be, and the same hereby is, GRANTED in part and DENIED in part.

3    DATED July 28, 2011.

4

5    _____
     **UNITED STATES DISTRICT JUDGE**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -